**Robert B. LEMBERT and Doris Lembert, his wife, Plaintiffs,**

**v.**

**James F. GILMORE, Jr., Defendant.**

Superior Court of Delaware, New Castle.

Oct. 9, 1973.

Brian P. Murphy of Schmittinger & Rodriguez, Wilmington, for plaintiffs.

Thomas Herlihy, III, and John C. S. Frank of Herlihy & Herlihy, Wilmington, for defendant.

## OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TAYLOR, Judge.

On June 5, 1965, defendant, a registered professional surveyor in Pennsylvania, surveyed plaintiffs' property at Willow Grove, Pennsylvania, placing stakes at the property lines of the property. Thereafter, according to plaintiffs, they erected a concrete structure and posts on the property line as indicated by a survey of defendant. In 1970 plaintiffs discovered that the survey was inaccurate and notified defendant of the apparent error. Thereafter, plaintiffs were sued in the Court of Common Pleas of Montgomery County, Pennsylvania by the owners of the adjoining property and this litigation was terminated by stipulation of May 2, 1972 in which plaintiffs agreed to pay their neighbor $700 to remove posts which had been erected and remove certain structures.

Defendant has moved to dismiss this action on the ground that the action was not filed within the time permitted by the applicable Delaware statute of limitations. This action was filed June 3, 1971.

The parties agree that the applicable statute of limitations is 10 Del.C. § 8106 which provides:

"No action to recover damages for trespass . . . no action based on a promise, . . . and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of three years from the accruing of the cause of such action . . ."[1]

The first question is the date from which the three year limitation period commenced. Plaintiffs contend that, since this case involves services rendered by a professional person, this is a malpractice case and as such is governed by Layton v. Allen, Del.Supr., 246 A.2d 794 (1969). From that case, plaintiffs argue that the statute of limitations did not begin to run until defendant's negligence was discovered by plaintiffs. *Layton* held that "when an inherently unknowable injury, such as is therein involved, has been suffered by one blamelessly ignorant of the act or omission and injury complained of, and the harmful effect thereof developed gradually over a period of time, the injury is 'sustained' under § 8118 when the harmful effect first manifests itself and becomes physically ascertainable." *Layton* involved (1) a physical condition within the plaintiff's body, (2) a condition which was inherently unknowable in that its condition came to light only over a period of time, and (3) plaintiff was blamelessly ignorant in that plaintiff had no way of knowing that her rights had been violated until the physical manifestations of the condition became evident. None of the conditions described in *Layton* are present here. Moreover, the Court in *Layton* carefully distinguished § 8118, where the statute provided that the statutory period began to run when the injuries were "sustained", from statutes of limitations which provide that the statutory period runs from the date of "accruing of the cause of action." The Court characterized the latter statutes as "accrual" type statutes of limitations. § 8106 is of the "accrual" type. Finally, *Layton* is not of assistance in this case because the Supreme Court expressly limited its holding to a malpractice case containing the factual elements enumerated above, stating (at page 799) "we do not intend any broad relaxation of the rule of ignorance" (i. e. that lack of knowledge of existence of a cause of action does not toll the running of the statute of limitations) "as exemplified by Mastellone . . ."[2]

---

1. Inasmuch as the applicable statute of limitations in Pennsylvania is six years (12 P.S. § 31), the Delaware statute referred to above, providing the shorter of the two periods, is applicable under 10 Del.C. § 8120).

2. Mastellone v. Argo Oil Corporation, Del. Super., 6 Terry 517, 76 A.2d 118 (1951), aff'd 7 Terry 102, 82 A.2d 379 (1951).

In this case, the professional services were completed in 1965. Defendant placed stakes at certain locations on the property at what purported to be the property lines of the property. Presumably the stakes were in plain view. There is no contention that the existence of the stakes, their location or information relating to the property lines was concealed from plaintiffs.

No case has been cited involving the type of services which defendant rendered to plaintiffs herein. The line of cases involving the liability of an attorney for negligent examination of title to real property is of assistance. Such cases are found in annotations at 5 A.L.R. 1395, 118 A.L.R. 215, and 18 A.L.R.3d 978. According to the most recent annotation, 18 A.L.R.3d 978, 1012, most cases hold that the statute of limitations commences to run from the time the attorney makes the erroneous title report to his client.

This is consistent with the basic rule that, in general, the statute of limitations begins to run from the date of the injury caused by defendant rather than from the date on which plaintiffs became aware or discovered the injury.[3] 34 Am.Jur. 126–9, Limitation of Actions §§ 160–1; 51 Am.Jur.2d 703–706; Limitation of Actions §§ 135–6; Cf. Patterson v. Vincent, 5 Del. Super. 442, 61 A.2d 416 (1948).

The Court concludes that the injury caused by defendant occurred at the time of placing of the surveyor's stakes in 1965 and that the statute of limitations commenced to run at that time.

Finally, plaintiffs contend that a letter written by defendant to the attorney for plaintiffs in Pennsylvania admitted that the survey appears to be wrong and proposed that if the neighbors wished the posts to be moved, defendant "would help Bob (plaintiff) move whatever posts were in question." Whether this is a sufficient acknowledgment to toll the running of the statute of limitations [4] is not before the Court in this motion to dismiss the complaint, since the complaint does not contain such allegation.

Accordingly, defendant's motion to dismiss on the ground of the statute of limitations will be granted at the expiration of 10 days from the date of this opinion, unless prior thereto, plaintiffs shall file an amended complaint setting forth allegations showing that the statute of limitations has been tolled.

---

3. Nardo v. Guido DeAscanis & Sons, Inc., Del.Super., 254 A.2d 254 (1969). Generally, in contract actions, the statute of limitations begins to run when the contract is breached. ibid.

4. Cf. Kojro v. Sikorski, Del.Super., 267 A.2d 603 (1970).