CITY OF NEWARK, a Municipal Corporation in the State of Delaware, Plaintiff,

v.

EDWARD H. RICHARDSON ASSOCIATES, INC., a Delaware Corporation, Robert C. Peoples, a Delaware Corporation, and Strescon Industries, a Foreign Corporation, Defendants.

Superior Court of Delaware, New Castle.

Submitted April 19, 1977.

Decided June 20, 1977.

James T. McKinstry, Richards, Layton & Finger, Wilmington, for defendant Strescon Industries.

Stephen P. Casarino, Tybout & Redfearn, Wilmington, for defendant Robert C. Peoples, Inc.

Thomas G. Hughes, City Sol., Newark, for plaintiff.

William F. Taylor and Frederick W. Iobst, Young, Conaway, Stargatt & Taylor, Wilmington, for defendant Edward H. Richardson Associates.

STIFTEL, President Judge.

The City of Newark sued defendant corporations jointly and severally for the amount necessary to properly reconstruct a collapsed concrete drainage ditch. Defendant Edward H. Richardson Associates, Inc. ("Richardson") a professional engineering firm, designed the sewer improvement project using hydraulic data provided by plaintiff. Defendant Richardson submitted four proposed designs and asked plaintiff to pick one. Plaintiff selected a design which required the use of prestressed concrete planking. Plaintiff then awarded the construction contract to defendant Robert C. Peoples. Defendant Strescon Industries supplied the necessary prestressed concrete planking.

Defendant Richardson furnished plaintiff with the plans and specifications in February 1966 and was paid in March 1966. Defendant Richardson's last involvement with the project was in December 1966. On January 20, 1967, plaintiff paid defendant for this last involvement. The drainage ditch in question collapsed in July 1975, and plaintiff filed its complaint on June 1, 1976.

Defendant Richardson filed this motion for summary judgment based upon 10 *Del.C.* § 8127, a six-year statute of limitations. During extensive briefing, defendant expanded its argument and asserted that plaintiff's claim was also barred by 10 *Del.C.* § 8106, a three-year statute of limitations. Plaintiff responded by asking the Court to preserve this matter by applying the "time of discovery" doctrine espoused in *Layton v. Allen,* Del.Supr., 246 A.2d 794 (1968).

The question presented is whether or not plaintiff's claim is barred by the applicable statute of limitations. The Court must answer in the affirmative.

It has been held repeatedly that tort actions accrue at the time of the injury and that the statute of limitations begins to run at that time. See *Freedman v. Beneficial Corporation,* D.Del., 406 F.Supp. 917 (1975), and the cases cited therein. In the case at bar, defendant Richardson allegedly injured plaintiff when it improperly designed the drainage ditch improvement and recommended the use of unsuitable materials for the project. Defendant provided plaintiff with the plans and specifications in February 1966 and received final payment for its services in February 1967. It was then the injury occurred and this action accrued.

The six-year statute of limitations found in 10 *Del.C.* § 8127 cannot be applied here. It states:

"This Act shall not affect any cause of action which has arisen or accrued prior to the effective date hereof, and as to such causes the limitations in effect immediately prior to the effective date of this Act shall apply." 57 *Del.Laws,* Ch. 568, § 6, at p. 1569.

The Act became effective on June 18, 1970. The present action, arising as it did in the mid-sixties, must be judged by the statute of limitations contained in 10 *Del.C.* § 8106.

10 *Del.C.* § 8106 states in pertinent part:

". . . no action based on a promise . . . and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action . . . ."

Plaintiff failed to comply with this three-year statute of limitations since the complaint was filed on June 1, 1976, and the action accrued almost a decade earlier.

■ Plaintiff argues that this Court is controlled by the "time of discovery" rule of *Layton v. Allen, supra,* and *Isaacson, Stolper & Co. v. Artisan's Savings Bank,* Del. Supr., 330 A.2d 130 (1974). Those decisions held that in some professional malpractice cases, where the injured party is blamelessly ignorant of the injury and where the harmful effects develop gradually over an extended period of time, the injury does not occur and the statute of limitations does not begin to run until the injury becomes physically ascertainable. Plaintiff asserts that in the case at bar, the statute of limitations began to run in July 1975 when the design defects were revealed by the drainage ditch's collapse. The Court is unconvinced.

■ The *Layton* and *Isaacson* decisions did not overrule the generally accepted principle that plaintiff's ignorance of a cause of action does not affect the date on which the action accrues and does not toll the running of the statute of limitations against it. See *Mastellone v. Arco Oil Corp.,* Del.Supr., 7 Terry 102, 82 A.2d 379 (1951); *Nardo v. DeAscanis & Sons, Inc.,* Del.Super., 254 A.2d 254 (1969); *Bradford, Inc. v. Travelers Indemnity Company,* Del. Super., 301 A.2d 519 (1972); *Lembert v. Gilmore,* Del.Super., 312 A.2d 335 (1973) and *Freedman v. Beneficial Corporation, supra.* They were rather, narrowly drawn exceptions to the general rule based upon the specific facts before those Courts—facts which are not present here.

*Layton v. Allen, supra,* was a medical malpractice case involving a surgeon who left a metallic hemostat inside the plaintiff's body. The Court stated:

"We expressly limit this holding to such case; we do not intend any broad relaxation of the rule of ignorance as exemplified by *Mastellone* ; we hold only that § 8118, as herein construed, bars the application of that rule in a case of this kind."

In *Isaacson, Stolper & Co. v. Artisan's Savings Bank, supra,* the Court applied the *Layton* doctrine to Certified Public Accountants and intimated, by citing a California case, that attorneys may be subject to it as well. The Court went on to state:

"We agree in principle with the California Courts but not necessarily with a broad application of the rule to all malpractice cases. Application of the 'time of discovery' rule is limited; and each case must stand or fall on its own facts, and those facts will determine whether it is an exception to the *Mastellone* rule."

No cases have been cited involving the type of service defendant rendered here. Those most closely related, i. e., *Nardo,* involving a builder of business and residential properties, and *Lembert,* involving a surveyor, have consistently rejected the "time of discovery" rule.

It should be noted further that here, unlike medical malpractice cases, the parties are capable contractually of establishing guarantees to warrant the design services for specified periods of time.

On the basis of the foregoing, defendant Edward H. Richardson Associates, Inc.'s

motion for summary judgment is hereby granted.

IT IS SO ORDERED.