CONSOLIDATED AMERICAN INSURANCE COMPANY, Farmers Mutual Insurance Company, United Service Automobile Association, and Association of Owners of Pilot Point Condominiums, Plaintiffs,

v.

Augusta CHIRIBOGA, M.D., Duane & Duane Associates, John C. Cahill, Anderson-Stokes, Inc., Allison & Meyer, its successor-in-interest, Meyer Associates, Robert C. Meyer, individually, Horatio Allison, individually and W.E.D. Geoghegan Co., Defendants.

Superior Court of Delaware,
New Castle County.

Submitted: May 12, 1986.
Decided: June 16, 1986.

George B. Heckler, Jr., and William J. Cattie, III, of Heckler & Cattie, Wilmington, for plaintiffs.

Paul Cottrell, and Howard M. Berg of Howard M. Berg & Associates, Wilmington, for Robert Meyer, Meyer Associates and Horatio Allison.

Charles Gruver, III and John H. Newcomer, Jr. of Bayard, Handelman & Murdoch, Wilmington, for W.E.D. Geoghegan Co.

TAYLOR, Judge.

This is a suit by the fire insurance carriers for fire damage to a condominium at Pilot Point, Lewes, Delaware. One of the defendants named in the complaint is Allison & Meyer. The complaint does not identify that defendant other than to state that it has a place of business at 121 Congressional Lane, Rockville, Maryland and to state that defendant with four other defendants was negligent in certain respects in the design and/or construction of the condominium and can be served under 10 *Del.C.* § 3104. A second amended complaint, filed pursuant to Superior Court Civil Rule 4(h), states that Allison & Meyer at the time of the incident alleged in the complaint was a non-resident corporation transacting business in Delaware.

I

■ Meyer Associates, a professional engineering corporation, has moved "to dismiss this action as stated against Meyer Associates" on the ground of lack of jurisdiction "of the person" and insufficiency of process and service of process.

At the filing of the motion to dismiss and until after the filing of Meyer Associates' initial brief and plaintiffs' answering brief Meyer Associates was not a party to this suit.

With respect to the motion of Meyer Associates to dismiss the suit against Allison & Meyer, Meyer Associates rests on the contention that service was made upon Meyer Associates. The record shows that service was effected under 10 *Del.C.* § 3104 upon Allison & Meyer. It does not reflect service on Meyer Associates. I find that Meyer Associates had no standing to pursue its motion challenging the in personam jurisdiction over Allison & Meyer. Accordingly, that motion is dismissed.

II

An amended complaint filed October 8, 1985 added Meyer Associates, Robert Meyer and Horatio Allison as defendants [added defendants] and alleged that Meyer Associates is a successor in interest to Allison & Meyer. The added defendants filed their answer which did not assert lack of in personam jurisdiction or failure of process. Thereafter the added defendants moved for summary judgment.

The added defendants' opening brief on their motion for summary judgment contends that the claims are barred by statute of limitations and that none of the alleged defects were within the scope of Allison & Meyer.[1] Suit was filed June 3, 1985.

Added defendants rely on the affidavit of defendant Robert Meyer, a former partner in Allison & Meyer, which states that all work by Allison & Meyer was completed by May, 1972. Added defendants contend that the statute of limitations applicable to negligence claims is 10 *Del.C.* § 8106, which bars actions after expiration of three years "from the accruing of the cause of ... action". Added defendants' contention is that the three-year limitation period begins to run in the case of construction work from the date the defective construction or services were performed, which in this case was on or before May, 1972. They rely upon *Mastellone v. Argo Oil Corp.*, Del. Supr., 82 A.2d 379 (1951); *Becker v. Hamada, Inc.*, Del.Supr., 455 A.2d 353 (1982); *City of Newark v. Edward H. Richardson Assoc.*, Del.Super., 375 A.2d 475 (1977); and *Lembert v. Gilmore*, Del.Super., 312 A.2d 335 (1973).

■ The traditional standard for applying statutes of limitation in this State has been that the period commenced when the wrong was committed. *Mastellone*, 82

1. The parties agreed to defer the second ground of the motion for summary judgment until the statute of limitations issue is resolved.

A.2d 379 at 383. In recent years, this absolute standard has been eroded by holdings that particular types of negligent conduct which were inherently unknowable warranted postponement of the commencement of the limitation period until the victim discovered or should have discovered the wrong. The initial inroad occurred in the area of medical malpractice. *Layton v. Allen,* Del.Supr., 246 A.2d 794 (1968). *Isaacson, Stolper & Company v. Artisans Savings Bank,* Del.Super., 330 A.2d 130 (1974) extended the principle to accounting negligence. *Bendix Corp. v. Stagg,* Del. Supr., 486 A.2d 1150 (1984) extended it to a claim against the manufacturer of products containing asbestos. *Pioneer Nat. Title Ins. Co. v. Sabo,* Del.Super., 382 A.2d 265 (1978) extended it to title insurance involving title defect. This portion of the Superior Court decision in *Pioneer* was affirmed in *Pioneer Nat. Title Ins. Co. v. Child, Inc.,* Del.Supr., 401 A.2d 68 (1979). In *Rudginski v. Pullella,* Del.Super., 378 A.2d 646 (1977) this Court applied the same principle to negligent installation of an underground septic system. In *Rudginski,* 378 A.2d 646 at 649 Judge (now Chief Justice) Christie stated:

> I can find no reasonable distinction between the cases involving hidden malpractice of doctors, accountants and lawyers and the hidden errors of a plumber. Certainly, a negligently installed underground septic system which had not yet malfunctioned was no more likely to be found than a hidden act of malpractice.

In *Plumb v. Cottle,* D.Del., 492 F.Supp. 1330 (1980), the United States District Court, applying Delaware law, applied that principle to a charge that a defective lighting protection system had caused fire damage to a building.

Other cases have recognized the availability of the principle under appropriate facts but have found the principle inapplicable to the facts of the particular case. *Lembert v. Gilmore,* Del.Super., 312 A.2d 335 (1973), involving medical malpractice; *Nardo v. Guido DeAscanis & Sons, Inc.,* Del.Supr., 254 A.2d 254 (1969), involving

improperly constructed roof; *City of Newark v. Edward H. Richardson Associates,* supra, involving improperly designed concrete drainage ditch; and *Becker v. Hamada, Inc.,* supra. In each of these cases the Court found that the suit was time barred when computing the commencement of the limitation period from the time plaintiff discovered or should have discovered the negligently created condition.

Based upon the foregoing analysis of decisions applying Delaware law, I conclude that the determination of whether or not this suit is barred by statute of limitations must rest on the consideration of whether or not the condition which is the product of alleged negligence of added defendants was inherently unknowable and, if so, when those whose subrogated rights plaintiffs are asserting knew or should have known of the condition. The Court has not been provided with sufficient evidentiary facts to permit that determination.

### III

■ Added defendants also contend that this suit is barred by 10 *Del.C.* § 8127, which requires suit within six years from the earliest of eight alternative dates.

10 *Del.C.* § 8127, which was enacted in 1970 as 57 *Del.Laws* § 568, as a statute of repose, (*Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.,* Del.Super., 462 A.2d 416 (1983)), was undoubtedly intended to substitute new standards and a new limitation period for suits involving some types of construction. It relates to the designing, planning, supervision or construction of an improvement to real property. Improvement is defined as follows:

> "Improvement" shall include buildings, highways, roads, streets, bridges, entrances and walkways of any type constructed thereon, and other structures affixed to and on land, as well as the land itself, except that such term shall not include buildings, entrances, walkways and structures used or intended to be used at the time of such construction

primarily for residential purposes and uses.

Under that definition, buildings used or intended to be used "primarily for residential purposes and uses" are not "improvements" within the statute and the statute is not applicable to them. These defendants contend that the exclusion applies only to "primary residences-homes" and not to a summer resort condominium. They do not elaborate on the contention and cite no authority in support of rephrasing the statutory language. I reject the contention that the exclusion only applies to primary residences. These defendants have not shown that this claim is barred by 10 *Del.C.* § 8127.

## IV

■ The only evidentiary material which the parties have referred to in connection with this motion for summary judgment is the affidavit of Robert Meyer which does not contain facts pertinent to the statute of limitations issue. The party who makes a motion for summary judgment must supply evidentiary material sufficient to enable the Court to resolve the mover's contentions in his favor. *Hurtt v. Goleburn*, Del.Supr., 330 A.2d 134 (1974); *Moore v. Sizemore*, Del.Supr., 405 A.2d 679 (1979); *Collins v. F.W. Woolworth Co.*, Del.Supr., 295 A.2d 732 (1972). Since no evidentiary material has been presented giving facts on the inherently unknowable issue, the motion for summary judgment based on statute of limitations is denied.

IT IS SO ORDERED.