**J.V. HODGES and Eileen Hodges, his wife, Plaintiffs,**

**v.**

**Earl SMITH, as Managing General Agent for Charles Brown Associates, and Edward H. Richardson & Associates, Inc., Defendants.**

Superior Court of Delaware, Kent County.

Submitted: May 30, 1986.
Decided: July 24, 1986.

Gerald I. Street of Gerald I.H. Street, P.A., Dover, for plaintiffs.

James T. Vaughn, Jr. of Vaughn and Vaughn, Dover, for defendant Smith.

John Williams of Prickett, Jones, Elliott, Kristol & Schnee, Dover, for defendant Edward H. Richardson & Associates, Inc.

RIDGELY, Judge.

Plaintiffs, J.V. Hodges and his wife Eileen Hodges ("Hodges"), filed this civil action against defendants, Earl Smith as Managing General Agent for Charles Brown Associates ("Smith") and Edward H. Richardson & Associates, Inc. ("Richardson"), alleging that both defendants committed survey errors for property acquired by Hodges known as Lot 369, Mayfair in Dover, Delaware. Richardson has moved to dismiss the complaint against it on the basis that this action is barred by the applicable statute of limitations. Richardson also has moved to dismiss Hodges' claim for punitive damages for lack of evidence to support such a claim. During the course of briefing, Richardson also argues that the action is barred because of lack of privity between the parties. Since matters outside the pleadings are presented, the motion will be treated as a motion for summary judgment. *Shultz v. Delaware Trust Co.*, Del.Super., 360 A.2d 576 (1976).

## I.

Viewing the facts in the light most favorable toward Hodges, as the Court must at this stage, it appears that in 1963 Richardson prepared a plot plan for the Mayfair development and in 1965 did a mortgage survey for Lot 369, Mayfair. At the time the plot plan was prepared, one of Richardson's employees erroneously assumed an imaginary point of reference on the plot plan to be directly opposite a fixed concrete control point. The imaginary point that was used was 125.88 feet east of Lot 369 and unmarked on the land itself. Because of this error, three lots to the west of this misplaced imaginary point, including Lot 369, were placed a distance varying from 2.71 feet to 2.8 feet to the east of where they actually belonged. As a further con-

sequence of this error, houses erected upon these lots were placed in violation of the City of Dover side-yard restrictions. On September 7, 1978, in conjunction with Hodges' purchase of Lot 369, Smith prepared another survey which repeated the initial error committed by Richardson. It was not until 1980, after a survey by Tom Bowdle, that the error was discovered. In order to sell the property, Hodges attempted to correct the violation of side-yard restrictions through an application to the City of Dover for a variance, which was rejected. Eventually, the variance was granted as a result of a successful appeal to this Court. After a two-year delay, Hodges were finally able to sell the property.

## II.

First, I see no need for an extended discussion of which of three statutes of limitations applies. The three-year statute applies, 10 *Del.C.* § 8106. *Collins v. Burke*, Del.Supr., 418 A.2d 999 (1980). Unless the statute is tolled by application of the time-of-discovery rule or by fraudulent concealment, the action is barred due to a delay of at least 16 years between the wrongful act—either the 1963 plot plan or the 1965 survey—and the filing of this action.

Under the time-of-discovery rule, injuries or conditions which are inherently unknowable postpone the commencement of the statute-of-limitations period until the victim discovered or should have discovered the wrong. *See Layton v. Allen*, Del. Supr., 246 A.2d 794 (1968); *Isaacson, Stolper & Company v. Artisans Savings Bank*, Del.Super., 330 A.2d 130 (1974); *Rudginski v. Pullella*, Del.Super., 378 A.2d 646 (1977); *Child, Inc. v. Rodgers*, Del.Super., 377 A.2d 374 (1977); *Pioneer Nat. Title Ins. Co. v. Child, Inc.*, Del.Supr., 401 A.2d 68 (1979).

Richardson argues that *Lembert v. Gilmore*, Del.Super., 312 A.2d 335 (1973) and *Adcock v. Saylor*, Del.Super., C.A. No. 68, 1976, Walsh, J. (December 8, 1976), reject the application of a time-of-discovery rule

in actions involving survey errors. However, in those cases, the Court did review the factors of the time-of-discovery rule when it determined that the injury in each was in plain view, rather than "inherently unknowable" as required by *Layton v. Allen, supra.* Recently, the *Lembert* decision was characterized by this Court as one of several cases that "recognized the availability of the principle under appropriate facts but found the principle inapplicable *to the facts of the particular case*" (emphasis added). *Consolidated American Insurance Company v. Chiriboga,* Del.Super., 514 A.2d 1136 (1986).

The inquiry under the time-of-discovery rule is not ended by determining that Richardson is alleged to have committed a survey error. Rather, the determination of whether or not this suit is barred by the statute of limitations depends upon whether the condition which is the product of the alleged negligence was inherently unknowable, and, if so, when plaintiffs knew or should have known of the condition. *Chiriboga, supra.*

The facts, when viewed in the light most favorable to Hodges, satisfy the requisites of the time-of-discovery rule: the condition was "inherently unknowable" in that the error involved the placement of an imaginary point of reference 125.88 feet east of Hodges' lot, the error did not become known until the Bowdle survey, and the Hodges were blamelessly ignorant. There were no observable or objective factors which, as laymen, put Hodges on notice of the defect. *See Child, Inc. v. Rodgers, supra.* Furthermore, the balancing of the difficulty of proof which Richardson may have against the hardship of precluding Hodges' claim when they neither knew or had reason to know of the existence of their right to sue clearly tips in favor of Hodges. *See Rudginski v. Pullella, supra.* In applying the time-of-discovery rule, the cause of action does not accrue until the error was discovered in September, 1980, shortly after the Bowdle survey and well within the three years of the filing

of this action in 1981. Having determined that there is no legal impediment to the application of the time-of-discovery rule for accrual purposes, the Court need not decide whether the statute is tolled by facts allegedly amounting to fraudulent concealment.

### III.

█ Richardson also interposes the doctrine of privity, arguing that this action cannot be maintained because there was no contractual relationship between Hodges and Richardson. This contention is misplaced because the action against Richardson sounds in tort, not contract. "(M)odern authority may be said to be to the effect that tort liability should be measured by the scope of the duty owed rather than by artificial concepts of privity." 74 Am. Jur.2d *Torts* § 52 (1974). Although it appears no Delaware court has yet adopted the reasoning of Restatement (Second) of Torts § 552 (1977), which would abolish the privity requirement in certain cases of negligent misrepresentation, the Court approves the extension of liability to foreseeable plaintiffs under these allegations of a survey error. Richardson knew the plat and mortgage survey would be used and relied on by others than those ordering them, and the potential for liability is restricted to a comparatively small group. *See Rozny v. Marnul,* Ill.Supr., 43 Ill.2d 54, 250 N.E.2d 656 (1969).

### IV.

█ In addition to Hodges' claim against both defendants for special damages, Hodges demand punitive or exemplary damages from Richardson. Richardson contends that there is no basis for punitive damages where there is no evidence of ill will, malice, intention, or willful or wanton conduct. The Court agrees that there is no evidence of ill will, malice, or intention to cause injury to Hodges on the part of Richardson. *Compare McClain v. Faraone,* Del.Super., 369 A.2d 1090 (1977). However, a former employee of Richardson testified that sometime between 1965 and 1970

he heard office "scuttlebutt" of a survey error in Mayfair; yet no action to reveal or correct the error was taken. Wanton conduct reflects a conscious indifference to consequences or an "I don't care" attitude. *Cloroben Chemical Corp. v. Comegys,* Del.Supr., 464 A.2d 887 (1983). A question of wanton conduct is ordinarily one for the trier of fact. *Eustice v. Rupert,* Del.Supr., 460 A.2d 507 (1983). Viewing the evidence and all inferences which can be drawn from it in the light most favorable to Hodges, I cannot conclude that the only inference which can be drawn is adverse to Hodges. Summary judgment must be denied on this issue. *Eustice v. Rupert, supra.*

Accordingly, the motion to dismiss of defendant Edward H. Richardson & Associates, Inc. is denied.

IT IS SO ORDERED.