Arthur KAUFMAN and Janet Kaufman, Plaintiffs Below, Appellants,

v.

C.L. McCABE & SONS, INC. and New Castle Mutual Insurance Company, Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: Feb. 4, 1992.
Decided: March 4, 1992.

---

Alan T. Boyd and Daniel P. Bennett of Bayard, Handelman & Murdoch, P.A., Wilmington, for appellants.

Elizabeth Daniello of Tybout, Redfearn & Pell, Wilmington, for appellee New Castle Mut. Ins. Co.

Stephen P. Casarino and Judith R. Reese of Casarino, Christman & Shalk, Wilmington, for appellee C.L. McCabe & Sons, Inc.

Before HORSEY, MOORE and HOLLAND, JJ.

HORSEY, Justice:

This case involves a question of first impression in this state: When does the cause of action of an insured against an insurance agent for the negligent procurement of insurance coverage accrue for purposes of the statute of limitations? Plaintiffs appeal from the grant of defendants' motion for summary judgment, by order of the Superior Court dated July 26, 1991, on grounds of the expiration of the statutory limitations period. 10 *Del.C.* § 8106. Plaintiffs assert error of law, and that summary judgment was inappropriate due to the existence of disputed questions of material fact. We hold that any cause of action plaintiffs may have arising from the negligence of defendants accrued at the

time at which they had actual or constructive notice of the terms of coverage of their insurance policy, which time could have been no later than the date on which the defendant insurance company received the premium for the policy. Since this date was more than three years before the filing of this suit, the suit is barred. 10 *Del.C.* § 8106.

## I. BACKGROUND

Plaintiffs Arthur and Janet Kaufman ("Kaufmans") and another couple, the Sheinmans, together owned a duplex residence in Fenwick Island, Delaware (the "property"). The couples obtained insurance on the property from defendant New Castle Mutual Insurance Company ("New Castle") through defendant C.L. McCabe & Sons, Inc. ("McCabe"), an insurance agency. For some years prior to 1981, both the Kaufmans and the Sheinmans were listed as primary insureds on the policy. Then, in 1981, the Sheinmans informed McCabe that they intended to live on the property, and at that time the policy was reissued naming the Sheinmans as insureds and the Kaufmans as additional insureds by endorsement. The new policy provided loss of use coverage for the Sheinmans, but excluded loss of use coverage for the Kaufmans. This policy was subsequently renewed annually in the same form, including a renewal for the period May 21, 1986 to May 21, 1987.

On March 28, 1987, the property was damaged by fire. The Kaufmans and Sheinmans filed insurance claims, including claims for loss of use. New Castle denied the Kaufmans' claim for loss of use coverage, while accepting the couples' other claims. On July 31, 1989, the Kaufmans filed a complaint in Superior Court alleging negligence on the part of McCabe, and New Castle under principles of respondeat superior, in selling the Kaufmans an insurance policy not in accordance with their requests, i.e., one that did not cover loss of use.

Following a hearing on July 13, 1990, an arbitrator concluded that the Kaufmans' claim was barred by the applicable statute of limitations, 10 *Del.C.* § 8106. The arbitrator found that any cause of action accrued on the date of the issuance of the applicable policy, May 21, 1986, and expired three years later, prior to the Kaufmans' filing of their complaint. On August 8, 1990, the Kaufmans filed a request for trial *de novo* in Superior Court. By order dated July 26, 1991, Superior Court granted defendants' motion for summary judgment. The court held that the three year statute of limitations began to run at the time the insurance policy in question was delivered to the plaintiffs. The court found that this date could have been no later than June 4, 1986, when New Castle received payment for the policy, and thus the complaint, filed in July of 1989, was barred. The Kaufmans now appeal to this Court.

## II. STANDARD OF REVIEW

 On appeal from the granting of a motion for summary judgment, this Court will undertake *de novo* review. *Gilbert v. El Paso Co.*, Del.Supr., 575 A.2d 1131, 1141 (1990); *Bershad v. Curtiss-Wright Corp.*, Del.Supr., 535 A.2d 840, 844 (1987); *Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del.Supr., 445 A.2d 927, 930 (1982). We view all facts in the light most favorable to the non-moving party, and will adopt the factual findings of the court below unless clearly wrong. *Gilbert*, 575 A.2d at 1142. In resolving questions of law, we will determine whether the court below erred in formulating or applying legal precepts. *Id.; Delaware Alcoholic Beverage Wholesalers, Inc. v. Ayers*, Del.Supr., 504 A.2d 1077 (1986).

The Kaufmans claim both that the Superior Court committed legal error, and that it improperly granted summary judgment in the face of disputed issues of material fact. Before we can determine whether there existed any material issues of disputed fact, we must first resolve the question of law.

## III. ACCRUAL OF THE KAUFMANS' CAUSE OF ACTION

 The Kaufmans claim that the Superior Court erred as a matter of law in

granting summary judgment on grounds of the statute of limitations. It is not disputed that the controlling statutory provision is 10 *Del.C.* § 8106, which states, in pertinent part:

> ... [N]o action to recover damages caused by an injury unaccompanied with force ... shall be brought after the expiration of 3 years from the accruing of the cause of action;

The parties are in dispute, however, over when this cause of action accrued.

The Kaufmans contend that their cause of action did not accrue until, and thus the limitations period should be measured from, the date of the fire, March 28, 1987. Their argument contains two elements: first, that they did not suffer any injury as a result of McCabe's alleged negligence until the fire; and second, that they were reasonably unaware of McCabe's alleged negligence until the fire.

In general, a cause of action accrues with the occurrence of the wrongful act. *Isaacson, Stolper & Co. v. Artisan's Savings Bank,* Del.Supr., 330 A.2d 130 (1974). A cause of action in tort accrues at the time of injury. *Nardo v. Guido DeAscanis & Sons,* Del.Super., 254 A.2d 254 (1969). The Kaufmans contend that a cause of action against an agent-broker for the negligent procurement of insurance coverage does not accrue until the insured suffers some loss for which it is not covered. They argue that it is only then that the insured has really suffered injury. Several jurisdictions appear to have adopted this rule. *See Kunz v. Buckeye Union Ins. Co.,* 1 Ohio St.3d 79, 437 N.E.2d 1194 (1982); *Lipitz v. Washington Nat'l Ins. Co.,* E.D.Pa., 513 F.Supp. 606 (1981) (interpreting Pennsylvania law); *Hoffman v. Insurance Co. of North America,* 241 Ga. 328, 245 S.E.2d 287 (1978). We decline to adopt this rule. The necessary corollary of the proposed rule is that insureds whose insurance agents have negligently failed to procure requested coverage, and have thereby left the insured exposed to unwanted risk, have *no* cause of action until some loss occurs for which they are uncovered. We disagree. A cause of action in tort accrues at the moment when "an injury, although slight, is sustained in consequence of the wrongful act of another...." 51 Am.Jur.2d *Limitation of Actions* § 135. "It is not required that all the damages resulting from the act shall have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date." *Id.*

If the Kaufmans were injured due to the negligence of McCabe in providing erroneous coverage, that injury first occurred at the moment the Kaufmans entered into a contract which obligated them to pay a premium for stated coverage which was not the coverage they desired. "If [the insured] had discovered the omission which was apparent on the face of their policy, they could have pursued [the insurance agency] for the difference in value between a policy which included the requested coverage and the value of the policy as issued." *Kunz,* 437 N.E.2d at 1197 (Krupansky, J., dissenting). The Kaufmans could have asserted the claim they now assert from the date on which McCabe procured their insurance policy and delivered it to them. Accordingly, their cause of action accrued at the time of delivery of the policy. *See Isaacson,* 330 A.2d at 130; *Nardo,* 254 A.2d at 254.

The second element of the Kaufmans' argument is that their cause of action did not accrue until such time as they discovered the alleged negligence and resulting injury. They thus seek application of the "time of discovery" rule. *See Layton v. Allen,* Del.Supr., 246 A.2d 794 (1968); *Rudginski v. Pullella,* Del.Super., 378 A.2d 646 (1977).

Traditionally, a plaintiff's ignorance of injury or loss will not delay the accrual of his cause of action. *Mastellone v. Argo Oil Corp.,* Del.Supr., 82 A.2d 379 (1951); *Lembert v. Gilmore,* Del.Super., 312 A.2d 335 (1973); *Bradford, Inc. v. Travelers Indemnity Co.,* Del.Super., 301 A.2d 519 (1972); *Nardo v. Guido DeAscanis & Sons,* Del.Super., 254 A.2d 254 (1969). *See Elmer v. Tenneco Resins, Inc.,* D.Del., 698 F.Supp. 535 (1988); *Curran v. Time Ins. Co.,* D.Del., 644 F.Supp. 967 (1986). The

Kaufmans, however, assert that the "time of discovery" exception to the traditional rule should apply to this case. *See Isaacson,* 330 A.2d at 130. The time of discovery rule originated in Delaware with *Layton,* 246 A.2d at 797. In *Layton,* this Court interpreted the then-existing personal injury limitations statute, 10 *Del.C.* § 8118, in the context of a claim of medical malpractice involving an injury which did not manifest itself until several years after the operation which was its cause. Later, in *Isaacson,* this Court extended the time of discovery rule beyond the field of medical malpractice by finding that it could be applied in a case involving injury unaccompanied by force, under 10 *Del.C.* § 8106. 330 A.2d at 133. The time of discovery exception, in cases other than those of medical malpractice, is narrowly confined in Delaware to injuries which are both: (a) "inherently unknowable"; and (b) sustained by a "blamelessly ignorant" plaintiff. *Isaacson,* 330 A.2d at 133; *Layton,* 246 A.2d at 797. *See Began v. Dixon,* Del.Super., 547 A.2d 620 (1988); *Hodges v. Smith,* Del.Super., 517 A.2d 299 (1986); *Consolidated Am. Ins. Co. v. Chiriboga,* Del.Super., 514 A.2d 1136 (1986); *Pack & Process, Inc. v. Celotex Corp.,* Del.Super., 503 A.2d 646 (1985); *Pioneer Nat'l Title Ins. Co. v. Sabo,* Del.Super., 382 A.2d 265 (1978); *Rudginski v. Pullella,* Del.Super., 378 A.2d 646 (1977).

The Kaufmans assert that the exclusion of the loss of use coverage in the insurance policy procured for them by McCabe was inherently unknowable to them as laymen and that they were blamelessly ignorant because they relied upon the expertise of a professional. This argument assumes too much and has been previously rejected as unsound. "A party to a contract cannot silently accept its benefits and then object to its perceived disadvantages, nor can a party's failure to read a contract justify its avoidance." *Graham v. State Farm Mut. Auto. Ins. Co.,* Del.Supr., 565 A.2d 908, 913 (1989). The absence of loss of use coverage for the Kaufmans in their insurance policy was not inherently unknowable; rather, it was available to be ascertained by anyone who cared to read the policy. That is the reason for placing the terms of coverage in writing and delivering the policy representing the contractual undertaking of the issuer to the insured. The Kaufmans cannot reasonably claim to be blamelessly ignorant of the terms of a policy of which they had notice and constructively accepted. We therefore find the time of discovery exception to be inapplicable in this case. Accordingly, we find that the Kaufmans' cause of action accrued on the date on which the Kaufmans entered into an insurance contract whose coverage was not that which they desired for the period in question.

■ Having resolved the legal question, we examine whether there are any disputed questions of material fact that would render summary judgment inappropriate. The annual policy in force at the time of the fire covered the period from May 21, 1986 to May 21, 1987. New Castle's practice was to mail out policies annually to its insureds on or about the policy renewal date. It is also undisputed that New Castle received payment for the policy premium covering that period on June 4, 1986. The Kaufmans therefore had actual or constructive notice of the terms of the policy's loss of use coverage no later than that date. Suit was filed on July 31, 1989. Accordingly, this claim is barred by the three year limitation of 10 *Del.C.* § 8106.

\* \* \* \* \* \*

AFFIRMED.