810 F.Supp. 592 (1992)
DAVID B. LILLY COMPANY, INC., Plaintiff,
v.
G. Robert FISHER, an individual; and Smith, Gill, Fisher and Butts, a Missouri professional corporation, Defendants.
Civ. A. No. 89-683-JLL.
United States District Court, D. Delaware.
December 2, 1992.
Victor F. Battaglia and Francis S. Babiarz of Biggs & Battaglia, Wilmington, DE, for plaintiff.
Howard M. Handelman and Phebe S. Young of Bayard, Handelman & Murdoch, P.A., Wilmington, DE, for defendants.

OPINION
LATCHUM, Senior District Judge.

I. INTRODUCTION
Before the Court is the renewed motion of defendant G. Robert Fisher ("Fisher") and defendant Smith, Gill, Fisher and Butts for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant Fisher is a partner in the law firm of Smith, Gill, Fisher and Butts ("Smith Gill") and was retained by David Zalaznick, a principal of The Jordan Company, in late October of 1983 to represent The Jordan Company in its acquisition of the David B. Lilly Company, Inc. ("Lilly Co." or "Plaintiff"). Lilly Co. was structured in conformity with the requirements of the Small Business Administration ("SBA") for a small business concern, and as such was *593 entitled to certain preferences in government procurement. The Jordan Company desired to preserve Lilly Co.'s status as a small business concern after the acquisition and specifically instructed defendants Fisher and Smith Gill to structure the acquisition accordingly. However, the acquisition, which was completed on January 31, 1984, was flawed. Thus, after the acquisition Lilly Co. no longer satisfied the SBA requirements for a small business concern. In March of 1989, Lilly Co. allegedly lost a valuable government contract as a result of Lilly Co.'s noncompliance with the SBA requirements for a small business concern. Thereafter, on December 18, 1989, Lilly Co. initiated this action alleging that defendants Fisher and Smith Gill had committed legal malpractice in their structuring of the acquisition and sought to recover the damages it allegedly sustained as a result. On June 5, 1992, defendants moved for summary judgment and in an opinion issued on August 20, 1992, the Court denied defendants' motion on the grounds that certain genuine issues of material fact remained unresolved. David B. Lilly Company, Inc. v. Fisher, 800 F.Supp. 1203 (D.Del. 1992). After additional discovery, the defendants have now renewed their motion for summary judgment. For the reasons stated more fully below, the Court will grant defendants' motion for summary judgment on the grounds that the action is barred by the applicable Delaware statute of limitations.

II. FACTUAL BACKGROUND
To avoid needless repetition, the Court incorporates by reference its exhaustive recitation of facts contained in its Lilly opinions of July 27, 1992, C.A. No. 89-683-JLL Mem. Op. July 27, 1992, (D.I. 123), and August 20, 1992 opinion, (D.I. 131), and will merely highlight those facts pertinent to the resolution of defendants' renewed summary judgment motion. The acquisition of Lilly Co. was accomplished by way of a subsidiary merger under 8 Del.C. § 253. David Zalaznick, a principal of The Jordan Company, was in charge of the transaction. Pursuant to the acquisition plan, David B. Lilly, Sr., the controlling shareholder of Lilly Co., sold all of his stock to Lilly Holdings Inc. ("Lilly Holdings"), a Delaware corporation. David Zalaznick was then appointed president and assistant secretary of Lilly Holdings. Subsequently, Lilly Holdings was merged into its subsidiary Lilly Co., thus leaving Lilly Co. as the surviving company. David Zalaznick was then appointed as director, vice president, and assistant secretary of Lilly Co. (D.I. 123 at 3-5; D.I. 131 at 2-5.)
It was Zalaznick who retained defendants Fisher and Smith Gill on behalf of the Jordan Company to structure the transaction. (D.I. 131 at 3.) Fisher informed Zalaznick that both Fisher and his law firm Smith Gill lacked expertise in government procurement law. Zalaznick instructed Fisher to consult with the New York law firm of Cadwalader, Wickersham, and Taft ("Cadwalader") on the small business concern issue because Cadwalader had been retained by The Jordan Company to perform tax work on several unrelated matters. Accordingly, Fisher wrote a letter dated December 5, 1983 to Cadwalader partner, David W. Feeney, with whom he had worked on a previous deal. (D.I. 123 at 4; D.I. 131 at 4.) Fisher asked him to examine on a "preliminary basis" whether the acquisition as structured protected Lilly Co.'s status as a small business concern for the purposes of government procurement set-asides. (D.I. 131 at 4.) Fisher then discussed the issue with Feeney and Dudley Clapp, a Cadwalader associate with expertise in government procurement law. Id. At all times Zalaznick was apprised that Fisher was relying on Cadwalader's advice in structuring the deal. Id. at 5.
Defendants Fisher and Smith Gill moved for summary judgment contending: (1) that plaintiff's legal malpractice claim is barred by Delaware's three-year statute of limitations, which is codified at 10 Del.C. § 8106[1]; and (2) that plaintiff cannot maintain a cause of action for legal malpractice because defendants were not engaged to render legal advice to the plaintiff as to its *594 small business concern status. (D.I. 150.) The Court holds that defendants have established their statute of limitations defense as a matter of law and their motion for summary judgment on that defense will be granted. Accordingly, the Court finds it unnecessary to consider defendants' second argument.
Under Delaware law, the plaintiff's ignorance of a cause of action does not toll the statute of limitations unless the injury is "inherently unknowable" and such injury is suffered by a "blamelessly ignorant" plaintiff. Kaufman v. C.L. McCabe & Sons, Inc., 603 A.2d 831, 835 (Del.1992); Isaacson, Stopler & Co. v. Artisans Savings Bank, 330 A.2d 130, 132-34 (Del. 1974); Pioneer National Title Insurance Co. v. Sabo, 432 F.Supp. 76, 79 (D.Del.1977) (explaining that the statute of limitations should be tolled for an ignorant plaintiff where the event triggering the cause of action depends on the action of a third party). The Court denied defendants' previous motion for summary judgment on the statute of limitations defense because a triable issue of fact existed as to whether plaintiff Lilly Co., acting through David Zalaznick, the agent of its corporate predecessor Lilly Holdings, was blamelessly ignorant. (D.I. 131 at 6-10.) More specifically, the Court framed the issue thusly:
David Zalaznick concedes that he knew of defendant Fisher's lack of expertise and admits to referring defendant Fisher to Mr. Feeney at CW & T [ie., Cadwalader]. If Mr. Zalaznick then precluded substantive assistance from CW & T, unbeknownst to the defendants, and if he knew the extent of defendant Fisher's reliance, the Court would have to agree that plaintiff was not blamelessly ignorant. David Zalaznick cannot prevent a complete legal analysis into a key issue to save money and then to have this Court permit his corporate successor-in-interest [to] object to the disadvantages that Zalaznick had created.
Id. at 8 (citations omitted). Now after additional discovery, the Court finds as a matter of law that Zalaznick was not blamelessly ignorant of the flawed transaction and that no reasonable jury could conclude otherwise. Zalaznick was aware of and participated in the events that triggered the flawed acquisition. These events were completed by January 31, 1984. Lilly Co., the corporate successor of Lilly Holdings, did not bring this action until December 18, 1989, more than three years after the cause of action accrued. As the Court noted in its August 20th opinion, the knowledge and actions of David Zalaznick as the agent of Lilly Holdings are imputed to the principal Lilly Holdings. Once the merger of Lilly Holdings into the surviving entity, Lilly Co., was completed, the knowledge and actions of David Zalaznick were also imputed to Lilly Co. Id.; see also 8 Del. C. § 259; Levitt v. Bouvier, 287 A.2d 671, 673 (Del.1972); Gould v. American Hawaiian Steamship Company, 331 F.Supp. 981, 998 (D.Del.1971); Accordingly, Lilly Co.'s action for legal malpractice is barred by Delaware's three year statute of limitations period because the agent of its corporate predecessor, David Zalaznick, possessed knowledge of and participated in the events which triggered the alleged malpractice.

III. SUMMARY JUDGMENT
Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for summary judgment. It provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). When the movant is seeking summary judgment on the basis of an affirmative defense to which the movant bears the ultimate burden of proof at trial, as in the case sub judice, the movant must establish the absence of a genuine issue of material fact as to every element of the affirmative defense. In other words, the movant must establish the affirmative defense as a matter of law such that no reasonable jury could enter a verdict for the nonmovant. Any doubt as to the existence of a genuine issue of material fact must be resolved by the Court against the *595 movant. J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir. 1990); Hon v. Stroh Brewery, 835 F.2d 510, 512-14 (3d Cir.1987); Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir.1979); See also 10A C. Wright, et al., Federal Practice and Procedure § 2727, at 124 (1983).
If the movant satisfies this onerous burden, the burden shifts to the nonmovant to proffer evidence sufficient to create a genuine issue of material fact as to any element essential to the affirmative defense. Rule 56(e) provides that "[w]hen a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e); see also Advisory Committee Notes to the 1963 Amendment of Rule 56, reported in 31 F.R.D. 648 (1963). Thus, the nonmovant cannot withstand a motion for summary judgment by resting on the averments in his pleadings. Nor can the nonmovant resist summary judgment by the proffer of a mere scintilla of evidence, nor by reliance upon arguments of counsel which are not supported by evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
The nonmovant may withstand summary judgment only by the proffer of evidence which demonstrates the existence of a genuine issue of material fact. An issue of material fact is genuine only "if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50, 106 S.Ct. at 2511. It is with these precepts of summary judgment, that the Court will consider the motion of defendants Fisher and Smith Gill.

IV. DISCUSSION
As the Court stated in its August 20, 1992 opinion, the resolution of defendants' summary judgment motion turns on whether David Zalaznick was blamelessly ignorant of the triggering events which caused the flawed acquisition of Lilly Co. (D.I. 131 at 8.) The Court denied defendants' first motion for summary judgment on the grounds that a genuine issue of material fact existed as to whether Zalaznick was blamelessly ignorant. Id. at 10. The Court concluded that there was conflicting evidence in the record as to whether David Zalaznick had prevented Cadwalader from conducting a complete analysis into the small business concern set-aside issue. Id. at 8-11. Now after additional discovery, defendants Fisher and Smith Gill have proffered new evidence, which leaves no genuine issue of material fact remaining.
Defendants have presented uncontroverted evidence to the Court that David Zalaznick referred defendant Fisher to Cadwalader for advice on the small business concern set-aside issue and, without informing Fisher, restricted Cadwalader's investigation to a mere cursory review of the transaction in an effort to curtail legal expenses. The evidence proffered by defendants further reveals that Zalaznick's restrictions on Cadwalader's investigation were unknown to defendants and that defendants relied upon Cadwalader's advice in structuring the transaction.
Defendants have presented to the Court the deposition testimony of David Feeney, the Cadwalader partner with whom defendant Fisher had consulted on the small business concern set-aside issue, which was taken on September 24, 1992. (D.I. 151, at A-37 to A-158.) Feeney testified that he received a letter from defendant Fisher dated December 5, 1983 in which Fisher requested Cadwalader's assistance on certain tax questions and on the small business concern set-aside issue. Id. at A-66. Feeney further testified that sometime after receiving the letter, he telephoned Zalaznick *596 to determine precisely what work Cadwalader was to perform on the Lilly Co., acquisition. Id. at A-68. According to Feeney's deposition testimony, Zalaznick instructed him that:
Fisher was going to handle the corporate and tax aspects of the deal, and that the deal was too small for us to be involved with it, and that he wanted us to talk to Bob [Fisher] about the small business set-aside issue, that Bob [Fisher] wanted to discuss it with one of our government contract people in Washington.
And I asked him if he wanted us to give him an opinion. He said no, he did not want a lot of cost and expense.
Id.
Defendants have also presented the testimony of David Zalaznick taken during his second deposition on September 11, 1992, in support of their motion for summary judgment. At his second deposition, Zalaznick was presented with the sworn affidavit of David Feeney, in which Feeney attested to his conversation with Zalaznick concerning the scope of Cadwalader's services on the Lilly Co. acquisition. Zalaznick was questioned concerning this conversation and replied, "I have no recollection of that conversation ... Quite honestly, I don't have any recollection of having that conversation with David Feeney." (D.I. 151 at A-29.) When asked whether it would be likely that such a conversation would have taken place, Zalaznick testified that "it is possible that he [Feeney] would call me to discuss it...." Id. at A-31. Defendants Fisher and Smith Gill argue that because Zalaznick can neither affirm nor deny the conversation with Feeney, Feeney's testimony is therefore uncontroverted and must be accepted by the Court as true.
Plaintiff Lilly Co., however, contends that Zalaznick's prior deposition testimony contradicts Feeney's testimony and thus creates a genuine issue of material fact. At his prior deposition, Zalaznick was questioned about whether he had discussed the small business concern set-aside issue with any attorney at Cadwalader. Zalaznick testified that he "never had any conversations with the Cadwalader people." (D.I. 155 at B-300.)
The Court rejects plaintiff's argument and concludes that Zalaznick's prior deposition testimony does not controvert Feeney's testimony and does not give rise to a triable issue of fact. Foremost, Zalaznick's testimony at his second deposition that he did not recall having a conversation with David Feeney does not place in dispute the testimony of David Feeney. A statement that one does not remember whether an event occurred is not tantamount to a specific denial that the event occurred. Hideout Records & Distributors v. El Jay Dee, Inc., 601 F.Supp. 1048, 1053 (D.Del.1984). Accordingly, Feeney's testimony is uncontroverted and must be accepted by the Court as true. It should be noted that the Court is aware that credibility determinations are not the province of the Court when passing upon a motion for summary judgment. J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir.1990). The Court is also mindful that Rule 56(c) mandates that the Court draw all reasonable inferences in the light most favorable to the nonmovant Lilly Co. Hon v. Stroh Brewery Co., 835 F.2d at 512. However, neither of these hornbook rules of summary judgment can prevent the imposition of summary judgment in the present case.
First, there is no credibility determination which would necessitate a finding by a jury in this case. Plaintiff Lilly Co. has proffered no evidence to impugn the credibility of Feeney or to demonstrate the existence of any bias on the part of Feeney. Accordingly, Feeney's credibility is not in issue and there is no credibility determination to be made. Moreover, both plaintiff Lilly Co. and defendants Fisher and Smith Gill informed the Court at the pretrial conference, held on October 6, 1992, that neither Zalaznick nor Feeney would be present at trial to testify before the jury because both men were beyond the ambit of the subpoena power of the Court as delineated in Rule 4 of the Federal Rules of Civil Procedure.
*597 Second, even when all reasonable inferences from the evidence are drawn in favor of nonmovant Lilly Co., Zalaznick's testimony at his second deposition does not give rise to the inference that there exists a genuine issue of material fact. Plaintiff Lilly Co. argues that Zalaznick's testimony at his second deposition does not depart from his previous deposition testimony where he denied discussing the small business concern set-aside issue with anyone at Cadwalader. Plaintiff asserts that Zalaznick's lack of memory concerning the Feeney conversation merely confirms his previous denial. (D.I. 154 at 8.) The Court finds that plaintiff's conclusion is not a reasonable inference from the facts. At Zalaznick's first deposition, Zalaznick was questioned about whether he had any discussions with Cadwalader attorneys on the set-aside issue. However, that inquiry was not directed to a specific conversation with a specific person; instead the question was of a general nature. At his subsequent deposition, Zalaznick was questioned with regard to a specific conversation between himself and Feeney. He was also presented with Feeney's sworn affidavit which set forth the particulars of the conversation. As to this specific conversation with Feeney, Zalaznick stated that he could neither affirm nor deny that conversation but stated that the occurrence of that conversation was indeed possible. (D.I. 151 at A-31.) The only reasonable inference to be drawn from this evidence is that Feeney's testimony is uncontroverted and plaintiff has failed to offer any evidence sufficient to create a triable issue of fact as to whether Zalaznick was blamelessly ignorant.
Accordingly, defendants' motion for summary judgment is hereby granted and an order consistent with this opinion will issue forthwith.
NOTES
[1] Both parties have stipulated that Delaware law governs this controversy. (D.I. 107, 119, 122.)