**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MARK FANSLER and LINDA          )
GOLDSTEIN,                      )
                                )
    Plaintiffs,                )
                                )
v.                              )
                                )  C.A. No.: N17C-09-015 EMD
                                )
NORTH AMERICAN TITLE            )
INSURANCE COMPANY, R.           )
MATTHEW LONGO, LONGO &          )
ASSOCIATES, L.P., RICHARD M.    )
LONGO, HILLCREST ASSOCIATES,    )
INC. and GLOBAL TITLE, INC.,    )
                                )
    Defendants.                )


**MEMORANDUM OPINION DENYING IN PART AND GRANTING IN PART DEFENDANT GLOBAL TITLE, INC.'S MOTION TO DISMISS**

Upon consideration of the Motion to Dismiss (the "Motion") filed by Defendant Global Title, Inc. ("Global Title"); the Opposition to Defendants Richard M. Longo and Hillcrest Associates, Inc.'s Motion to Dismiss or for a More Definite Statement (the "Opposition") filed by Plaintiffs Mark Fansler and Linda Goldstein (collectively, "Plaintiffs"); Defendant's Reply to Plaintiffs' Response to Motion to Dismiss (the "Reply"); the Amended Complaint; and the entire record of this civil action, the Court will, for the reasons set forth below, **DENY** in part and **GRANT** in part the Motion.

# I. BACKGROUND[1]

Global Title is a defendant in this action. The Plaintiffs added Global Title as a party in their Amended Complaint. The Plaintiffs allege that Global Title: (i) is an agent of Defendant North American Title Insurance Co. ("North American");[2] and (ii) was retained by the Plaintiffs to find the appropriate title insurance for the "unique characteristics of the Covered Premises."[3] In the Amended Complaint, the Plaintiffs expressly contend that Global Title:

> (a) failed to inform [North American] in writing of the nonexistent access easement during underwriting before it bound the policy; (b) failed to provide the policy terms until seventeen (17) days before closing; (c) prepared the deed identifying the nonexistent access easement; (d) failed to inform [North American] of its acts in May 2015 to attempt to correct its prior errors; and (e) failed to obtain in May 2015 an amended title insurance policy for the [Plaintiffs] adding the new utility easement.[4]

The Plaintiffs contend that "[a]ll acts of [Global Title] are imputed onto [North American]."[5] North American is a corporation based in California which underwrites insurance policies for customers in Delaware, among other states.

The Plaintiffs purchased a landlocked plot of land at 1805 Walnut Street, Wilmington, DE 19809 (the "Property"). After signing a sale agreement, the Plaintiffs retained R. Matthew Longo, Esq. ("Attorney") to act as their attorney in the transaction. As alleged, Attorney incorrectly informed the Plaintiffs that the Property had an easement for access. The Plaintiffs retained Global Title to obtain the appropriate title insurance for the Property.[6] Global Title retained a Richard Longo of Hillcrest Associates, Inc.

---

[1] Unless otherwise indicated, the following are the facts as alleged in the Amended Complaint. For purposes of the Motion, the Court must view all well-pleaded facts alleged in the Amended Complaint as true and in a light most favorable to the Plaintiffs. *See, e.g., Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[2] Am. Compl. ¶10.
[3] *Id*. ¶40.
[4] *Id*. ¶4
[5] *Id*. ¶10.
[6] *Id*. ¶40.

(collectively, "Surveyor") to perform a survey of the Property.[7] Surveyor performed a survey of the Property and purportedly identified the Property as "landlocked."[8] Despite this, Global Title prepared a deed, approved by the Attorney, that stated that the Property had an easement through which the Plaintiffs could access the Property.[9] The Plaintiffs purchased the Property on July 25, 2014 and received an insurance policy (the "Policy") from North American on August 11, 2014.[10]

In January 2015, the Plaintiffs learned that the easement that Global Title included in the deed did not exist.[11] On May 13, 2016, Attorney negotiated an easement with an adjoining property owner.[12] On May 20, 2015, Global Title prepared a second deed in order to correct its errors and the Plaintiffs signed this deed on May 21, 2015 and then recorded the deed.[13] This second deed included an access and utility easement, but also included defects. For example, the deed states that the Plaintiffs could access the Property from Walnut Street, but the Property was not accessible from Walnut Street.[14] Global Title did not inform North American that it had revised the deed and so the Policy does not include the new easements.[15]

The Plaintiffs eventually petitioned the Chancery Court for relief. The Chancery Court granted relief and created an access and utility easement.[16] The Plaintiffs stated that they incurred damages of $169,187.74 because they could not access the Property. The insurance

---

[7] *Id.* ¶14.
[8] *Id.* ¶15.
[9] *Id.* ¶16.
[10] *Id.* ¶¶17 and 18.
[11] *Id.* ¶19.
[12] *Id.* ¶21.
[13] *Id.* ¶22.
[14] *Id.* ¶23.
[15] *Id.* ¶22.
[16] *Id.* ¶28.

policy between the Plaintiffs and North American provides for $117,000 for "loss or damages" but North American has not reimbursed the Plaintiffs for their damages accessing the Property.

The Plaintiffs filed a complaint against North American on September 1, 2017 (the "Complaint"). The Plaintiffs allege that North American breached the Policy by not providing coverage for the Plaintiffs' damages. Then, the Plaintiffs filed an Amended Complaint which added R. Matthew Longo, Longo & Associates, LP, Richard M. Longo, Hillcrest Associates, Inc. and Global Title as defendants on or about May 21, 2018.

In the Amended Complaint, the Plaintiffs allege that Global Title was professionally negligent as to the Plaintiffs because Global Title (1) prepared a deed which included a non-existent easement, (2) did not provide the Policy to the Plaintiffs until seventeen days after the Plaintiffs purchased the Property, (3) prepared a corrected deed that did not provide an appropriate easement, (4) did not provide the Plaintiffs with an amended Policy, which included the easements.

Global Title filed the Motion on September 21, 2018. On October 1, 2018, the Plaintiffs the Opposition. On October 15, 2018, Global Title filed the Reply on October 15, 2018. The Plaintiffs also filed the Affidavit of Plaintiff Mark Fansler in Opposition to Global Title, Inc.' Motion to Dismiss. As the Motion seeks relief under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, the Court did not consider the Mr. Fansler's affidavit in arriving at its decision on the Motion.

The Court held a hearing (the "Hearing") on the Motion, the Opposition and the Reply on December 18, 2018. At the conclusion of the Hearing, the Court took the matter under advisement.

4

## II. PARTIES' CONTENTIONS

### A. GLOBAL TITLE'S CONTENTIONS

Global Title argues that the Plaintiffs' claims are barred by the three-year statute of limitations for negligence. Global Title also contends that the statute of limitations is not tolled by the "time of discovery" rule. Finally, Global Title claims that the Plaintiffs fail to state a claim upon which relief can be granted against Global Title.

### B. PLAINTIFFS' CONTENTIONS

The Plaintiffs argue that the statute of limitations should be tolled by the "time of discovery" rule. In addition, the Plaintiffs contend that Global Title's acts creating liability span a period of time and fall within the three-year limitation period. The Plaintiffs also claim that the Motion relies on facts outside the Amended Complaint, which the Court should not consider under Rule 12.

## III. STANDARD OF REVIEW

Upon a motion to dismiss, the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[17] However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[18]

---

[17] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[18] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).

5

## IV. DISCUSSION

### A. STATUTE OF LIMITATIONS

Under Delaware law, claims for negligence and professional negligence are subject to a three-year statute of limitations.[19] Courts apply a three-step analysis to determine whether a claim is time-barred.[20] First, the court determines when the cause of action accrues. Second, the court determines whether the statute of limitations may be tolled so that the cause of action accrues after the time of the breach.[21] The plaintiff must plead with specificity why the statute of limitations should be tolled.[22] Third, if a tolling exception applies, the court determines when the plaintiff received inquiry notice.[23] The statute of limitations begins to run from the date when the plaintiff received inquiry notice.[24]

In tort cases, the cause of action accrues at the time of the injury.[25] In *Kaufman v. C.L. McCabe & Sons, Inc.*,[26] the plaintiffs brought a civil action against an insurance agent alleging that the agent negligently procured insurance coverage because the agent had excluded loss-of-use coverage. The fact that the policy did not have loss-of-use coverage was clear as the policy, on its face, did not have such coverage. The Supreme Court found that the injury accrued when the plaintiffs signed the insurance contract which the plaintiffs claimed was defective.

---

[19] *Shandler v. DLJ Merch. Banking, Inc.,* 2010 WL 2929654, at n.88 (Del. Ch. July 26, 2010); 10 *Del. C.* § 8106.

[20] *Wal– Mart Stores Inc. v. AIG Life Ins. Co.*, 860 A.2d 312 (Del. 2004).

[21] *Id.*

[22] *Young & McPherson Funeral Home, Inc. v. Butler's Home Improvement, LLC*, 2015 WL 4656486, at *1 (Del. Super. Aug. 6, 2015); *Eni Holdings, LLC v. KBR Grp. Holdings, LLC*, 2013 WL 6186326, at *11 (Del. Ch. Nov. 27, 2013).

[23] *Wal– Mart Stores Inc. v. AIG Life Ins. Co.*, 860 A.2d 312 (Del.2004).

[24] *Id.*

[25] *Nardo v. Guido DeAscanis & Sons,* 254 A.2d 254 (Del. 1969).

[26] 603 A.2d 831, 832 (Del. 1992).

Delaware courts have tolled the statute of limitations using the "time of discovery" rule. The "time of discovery" rule applies where the injury is (a) "inherently unknowable"; and (b) sustained by a "blamelessly ignorant" plaintiff.[27] In *Kaufman*, the plaintiffs argued that the court should toll the statute of limitations using the time of discovery rule because the plaintiffs were not aware that their insurance policy was defective and the plaintiffs relied on the advice of a professional. The Supreme Court disagreed. The Supreme Court stated that "[a] party to a contract cannot silently accept its benefits and then object to its perceived disadvantages . . . ." The Supreme Court held that if the plaintiffs had read the insurance contract, the plaintiffs would have discovered the defects. So, the plaintiffs' injury was not inherently unknowable and the plaintiffs were not blamelessly ignorant. The Supreme Court therefore refused to apply the time of discovery rule to toll the statute of limitations.

The factual situation in *Kaufman* is different from the Amended Complaint's factual allegations. The facts in *Kaufman* provide that the plaintiffs there could tell from reading the policy that the agent failed to provide for loss-of-use coverage. As alleged, the problem with the defective deed, the access easements and the Policy is not obvious. The defective deed descriptions used for the Policy did not clearly provide that there was not an easement. Just the opposite. The Plaintiffs have alleged that the description of the deed that controlled the Policy expressly provided that an access and utility easement did exist. And, when purportedly "corrected" on May 20 and 21, 2015, Global Title failed to procure an amended Policy that protected the Plaintiffs. The Plaintiffs allegedly only learned of the latent issues when they sought coverage under the Policy.

---

[27] *Id.*

In contrast, in *Pack & Process, Inc. v. Celotex Corp.*,[28] this Court found that problems with the plaintiff's roof were not technically inherently unknowable. But, the Court said that the plaintiff had no reason to be knowledgeable about the defects in his roof because the plaintiff had delegated the duty to inspect the roof to the defendant, and the defendant informed the plaintiff that he had fixed the roof implicitly concealed the defects in the roof. Under these facts, the Court found that the plaintiff was blamelessly ignorant of the problems with the roof because the plaintiff would have had to call another roof expert to check the work of the defendant in order to discover the defects. As such, the Court applied the time of discovery rule and tolled the statute of limitations until the time when the plaintiffs discovered the defects in the roof.

The Court finds that the reasoning in *Pack & Process, Inc.* is applicable here. From the Amended Complaint, the Plaintiffs seem to have delegated the duty to find easements on the Property to Attorney and Global Title, and the Plaintiffs relied on the representations in the deeds that the Property included an easement. Global Title states "Plaintiffs knew the Property was landlocked before settlement."[29] This statement, however, is not supported by any allegation in the Amended Complaint. Instead, the Amended Complaint alleges that "Attorney incorrectly affirmed that the [Property] had the benefit of an easement for access."[30] In addition, the Amended Complaint alleges that "[e]ven though the Surveyor indicated to both Attorney and [Global Title] that the [Property] was landlocked, [Global Title prepared a deed and Attorney approved the insertion of a nonexistent easement."[31] It is possible that the Plaintiffs could have discovered that the Property did not include easements and so the deeds were defective;

---

[28] 503 A.2d 646, 650–51 (Del. Super. 1985).
[29] Mot. ¶6.
[30] Am. Compl. ¶12.
[31] *Id.* ¶16.

however, the Court is not comfortable that the record has been developed enough for that conclusion.

The facts, alleged, can support a "time of discovery" tolling argument and, potentially, an equitable tolling argument. Global Title states, without citation to the Amended Complaint, that the Plaintiffs knew the Property was landlocked. The Amended Complaint alleges a different scenario—a scenario where the Plaintiffs relied upon Attorney and Global Title to draft a deed that included access easements and obtain an insurance policy that protected Plaintiffs in the event there was a defect in the title. At this stage in the proceedings, the Court must adopt the facts as alleged in the Amended Complaint. The Court, therefore, finds that it is premature to dismiss Global Title on statute of limitations grounds.

The Plaintiffs argue that the Amended Complaint, in which the Plaintiffs added Global Title as a defendant, relates back to the Complaint. So, the Plaintiffs contend that they brought a claim against Global Title within the three-year statute of limitations.

If the statute of limitations has run on a claim, the claim may relate back to the original complaint when: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) the party to be added must have received notice of the institution of the action with the time provided by the rules; (3) the party to be added must have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be added.[32]

The Plaintiffs have failed to demonstrate that Global Title received actual notice of this civil action when it was commenced, or that Global Title knew or should have known that this

---

[32] Super. Ct. Civ. R. 15(c); *see also Taylor v. Champion*, 693 A.2d 1072, 1074 (Del. 1997).

9

civil action should have been commenced against it except due to a mistake in identity. So, as alleged and argued, the Court finds that the Amended Complaint does not relate back as to Global Title.

### B. MALPRACTICE

In the Amended Complaint, the Plaintiffs allege that Global Title was "professionally negligent" and committed malpractice. In the Motion, Global Title makes a conclusory argument in one paragraph that the Plaintiffs have failed to make a claim for which relief may be granted.

Under Superior Court Civil Rule 9(b), a plaintiff must plead negligence with particularity.[33] "The purpose of [Rule 9(b)] is to apprise the adversary of the acts or omissions by which it is alleged that a duty has been violated."[34] To plead negligence with the particularity required by Rule 9(b), a plaintiff must include the "time, place, contents of the alleged fraud or negligence, as well as the individual accused of committing" the negligence.[35]

The elements of a claim for negligence are: (1) the defendant owes the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury and (4) the plaintiff incurred damages.[36] In *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,[37] the Delaware Chancery Court found that a claim for professional negligence against a broker depended on the court finding that the brokers had a fiduciary duty towards the plaintiffs. The Chancery Court found that the plaintiff's claim for professional negligence failed because the brokers did not have a fiduciary duty and so did not have a heightened standard of

---

[33] Super. Ct. Civ. R. 9(b).
[34] *Mancino v. Webb*, 274 A.2d 711, 713 (Del. Super. 1971).
[35] *See TrueBlue, Inc., v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *6 (Del. Super. Sept. 25, 2015) (quoting *Universal Capital Mgmt., Inc. v. Micco World, Inc.*, 2012 WL 1413598, at *2 (Del. Super. Feb. 1, 2012)).
[36] *New Haverford P'ship v. Stroot*, 772 A.2d 792, 798 (Del. 2001).
[37] 2005 WL 5757652, at *13 (Del. Ch. Apr. 1, 2005).

care to the Plaintiffs. The Chancery Court also found that there is no fiduciary relationship between an insurer and insured, as this is a "straightforward commercial relationship arising from contract. It is in all of its aspects an arm's-length relationship. It involves no element of confidentiality, joint undertaking, or trust and dependence."[38]

As alleged, the Plaintiffs may not bring a claim for professional negligence against Global Title as North American's agent.  This is because Global Title, as an agent of an insurance company, does not have a fiduciary duty with respect to a customer of the insurance company. The Plaintiffs have not stated or provided evidence that the Plaintiffs have fiduciary relationship with Global Title. So, Global Title is not subject to a heightened duty of care and cannot be held professionally negligent.

Instead, the Plaintiffs might be able to bring a claim for negligent procurement of insurance coverage against Global Title.[39] In *Those Certain Underwriters at Lloyd's v. Nat'l Installment Ins. Servs., Inc.*, [40] the Chancery Court found that

> [a]s a general rule, a broker or agent who, with a view to compensation for his services undertakes to procure insurance on the property of another, but fails to do so with reasonable diligence, and in the exercise of due care, or procures a void or defective policy is personally liable to his principal for any damages resulting there from.

Here, the Plaintiffs have alleged that Global Title was retained to provide a policy for the Plaintiffs.[41]  The Plaintiffs, however, go on to assert a professional malpractice claim not recognized on the facts alleged.  The Court will, therefore, grant the Motion and dismiss Count

---

[38] *Id.* at 9.

[39] *Kaufman v. C.L. McCabe & Sons, Inc.*, 603 A.2d 831, 835 (Del. 1992) (finding that a plaintiff's claim against an insurance agent for negligently procuring insurance coverage, where the agent had excluded loss-of-use coverage, was barred by the statute of limitations); *Farm Family Cas. Co. v. Cumberland Ins. Co., Inc.,* 2013 WL 5488656, at *5 (Del. Super. Oct. 2, 2013) (applying *Kaufman* and finding that a claim for negligent procurement of insurance was barred by the statute of limitations).

[40] 2007 WL 2813774, at *6 (Del. Ch. Feb. 8, 2007).

[41] Am. Compl. ¶40.

III of the Amended Complaint as to Global Title. The Court will also allow the Plaintiffs leave to amend the Amended Complaint to state a claim for negligent procurement. The Plaintiffs have twenty (20) days from the date of this Memorandum Opinion to file an amended Amended Complaint.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** in part and **GRANTS** in part the Motion.


Dated: March 19, 2019
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge