# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW WALTON, | ) | |
| | ) | |
| Plaintiff-Below/Appellant, | ) | |
| | ) | |
| v. | ) | N23A-02-008 FWW |
| | ) | |
| ACCURATE MACHINE, and | ) | |
| JIM ROWE, | ) | |
| | ) | |
| Defendants-Below/Appellees | ) | |

Submitted: June 14, 2024
Decided: June 18, 2024

*On Appeal from the Court of Common Pleas*:
**AFFIRMED.**

## <u>ORDER</u>

Josiah R. Wolcott, Esquire, CONNOLLY GALLAGHER LLP, 267 East Main Street, Newark, Delaware 19711, Attorney for Plaintiff-Below/Appellant Andrew Walton.

Steven R. Director, Esquire, Sarah T. Andrade, Esquire, Mutaz A. Ali, Esquire, BAYARD, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, Attorneys for Defendant-Below/Appellees Accurate Machine and Jim Rowe.

**WHARTON, J.**

This 18th day of June 2024, upon consideration of Plaintiff-Below/Appellant Andrew Walton's ("Walton") Opening Brief[1] and Appendix,[2] the Answering Brief[3] and Appendix[4] of Defendants-Below/Appellees, Accurate Machine and Jim Rowe ("Rowe") (collectively "Appellees"), Walton's Reply Brief,[5] and the record, it appears to the Court that:

1.  Walton brings this appeal from an order of the Court of Common Pleas dismissing with prejudice his action in that court on statute of limitations grounds.[6] The case in the Court of Common Pleas itself was an appeal by Walton of an order from Justice of the Peace Court 13 also dismissing his complaint against Accurate Machine on statute of limitations grounds.[7] Rowe was not a defendant in the Justice of the Peace Court and Walton added him as a defendant in the Court of Common Pleas.[8] It appears that no party was represented by counsel in either court below.

2.  Walton, now represented by counsel, argues that the Court of Common Pleas "erred in dismissing the complaint against Accurate Machine as it was not

---

[1] D.I. 19.
[2] D.I. 20.
[3] D.I. 22.
[4] *Id.*
[5] D.I. 23.
[6] D.I. 1.
[7] *Id.*
[8] *Id.* Although the Court of Common Pleas questioned the propriety of that addition on appeal, it deferred ruling on that question, as well as Accurate Machines need for counsel, until it determined whether the Court had jurisdiction to hear the matter due to "a time issue." (A-27-28).

2

represented by a Delaware attorney."[9]  Walton also argues that the Court of Common Pleas "erred in dismissing the complaint on statute of limitations grounds."[10]  He contends that the Court of Common Pleas incorrectly held that his claim accrued when Accurate Machine delivered a motor to him in 2017.[11]  Instead, Walton asserts that the claim did not accrue until the engine was first started in a vehicle in May 2019.[12]  In his view the "time of discovery rule" tolled the statute of limitations until that later date.[13]

3.      Appellees, also now with the assistance of counsel, respond that the Court of Common Pleas was correct in holding that the statute of limitations barred Walton's breach of contract claim.[14]  They contend, as that Court concluded, that Walton's claim accrued when the engine was completed and delivered to Walton in February 2017.[15]  Further, they argue that the "time of discovery rule" does not apply to toll the statute of limitations on Walton's claim because any alleged defect in the engine was not "inherently unknowable."[16]  Accurate Machine also argues that the Court of Common Pleas did not err in granting a motion to dismiss despite Accurate

---

[9] Walton's Op. Br. at 7, D.I. 19.
[10] *Id*. at 8.
[11] *Id.*
[12] *Id.* at 10.
[13] *Id.*
[14] Appellees' Ans. Br. at 7, D.I. 22.
[15] *Id*. at 7-8.
[16] *Id*. at 9-10.

Machine's lack of counsel,[17] contending: 1) the issue is waived since it was not raised by Walton below;[18] 2) the Court of Common Pleas considered this issue, *sua sponte*;[19] 3) Walton has not alleged, nor could he allege, any prejudice due to Accurate Machine's lack of an attorney;[20] and 4) "in terms of efficiency, this argument is non-sensical[;] … [i]t would require Accurate Machine alone … to return to CCP to file a motion to dismiss, for CCP to again decide that the breach of contract claim is barred by the statute of limitations."[21]

4.      Walton replies that Accurate Machine provides no basis to affirm the Court of Common Pleas dismissal of an unrepresented corporation,[22] contending: 1) "the [Court of Common Pleas] initially raised the issue that Accurate Machine needed to be represented by a Delaware attorney[,]"[23] so "Walton did not need to raise the issue and, thus, did not waive the argument on appeal";[24] 2) Accurate Machine's filing was void and should not have been considered by the Court of Common Pleas, as Walton's "point is not that Accurate Machine did not hire an attorney to represent it after filing the Motion to Dismiss; instead the critical point

---

[17] *Id*. at 13.
[18] *Id.*
[19] *Id.*
[20] *Id*. at 14.
[21] *Id.*
[22] Walton's Reply Br. at 3, D.I. 23.
[23] *Id*. at 4.
[24] *Id.*

is that Accurate Machine did not have an attorney at the time it filed the Motion to Dismiss";[25] 3) whether Walton suffered any prejudice as a result of Accurate Machine not being represented by an attorney is not a requisite showing that he needs to make for reversal here;[26] and 4) Accurate Machine's claim that a reversal of the Court of Common Pleas decision is contrary to judicial efficiency is meritless, and "with counsel, Mr. Walton will be able to attempt to amend his Complaint and present a more fulsome defense to Accurate Machine's anticipated motion."[27] Walton also responds that the Appellees' argument that the Court of Common Pleas correctly dismissed the appeal on statute of limitations grounds should be rejected by this Court,[28] as: 1) the record demonstrates that Walton's cause of action accrued when the engine was first started;[29] and 2) the record demonstrates that the defect in the engine was "inherently unknowable," triggering the "discovery rule" to toll the applicable statute of limitations.[30]

5.    The standard of review by the Superior Court for an appeal from the Court of Common Pleas is the same standard applied by the Supreme Court to

---

[25] *Id.* at 4-5.
[26] *Id.* at 5.
[27] *Id*. at 5-6.
[28] *Id.* at 6.
[29] *Id.*
[30] *Id*. at 9.

5

appeals from the Superior Court.[31] In addressing appeals from the Court of Common Pleas, this Court is limited to correcting errors of law and to determining whether substantial evidence exists to support factual findings.[32] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[33] If factual findings are "sufficiently supported by the record and are the product of an orderly and logical[ly] deductive process," then they will not be challenged.[34] Questions of law are reviewed de novo.[35]

6. On April 28, 2022, Walton filed the action against Accurate Machine in Justice of the Peace Court 13.[36] On October 7, 2022, that Court dismissed Walton's action, writing:

> Pretrial Defendant makes a motion to dismiss the action citing the statute of limitations, the work was completed in 2017 and the action was not filed until 2022. Plaintiff argues that the engine never worked correctly, after the work was completed, he took the engine back to Defendant multiple times over an approximate two-year period for him to try to fix the issue. Plaintiff was unable to provide concrete dates to confirm when Defendant performed additional work on the engine. Defendant

---

[31] *Robert J. Smith Co., Inc. v. Thomas*, 2001 WL 1729143, at *2 (Del. Super. Ct. Dec. 10, 2001).

[32] *Henry v. Nissan Motors Acceptance Corp.*, 1998 WL 961759, at *1 (Del. Super. Ct. Oct. 21, 1998) (citing *Shahan v. Landing*, 643 A.2d 1357, 1359 (Del. Super. Ct. 1994)).

[33] *Robert J. Smith Co., Inc.*, 2001 WL 1729143, at *2 (citing *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[34] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

[35] *Henry*, 1998 WL 961759, at *1.

[36] A-001.

6

states that the engine was running when it was delivered to Plaintiff in 2017, the engine was not installed in a vehicle at that time, someone else performed the installation.

…

The work was performed in 2017, the engine "never worked correctly", although Defendant did work with Plaintiff to fix the perceived issues no clarity was offered as to when that work occurred, as such, the 3-year statute of limitations has expired.[37]

7. Walton then appealed to the Court of Common Pleas, where he added Rowe as a named defendant. On January 24, 2023, that Court dismissed Walton's appeal, stating:

Pursuant to 10 Del. C. § 8106, "[N]o action based on a statute…shall be brought after the expiration of 3 years from the accruing of the cause of such action…" The parties do not dispute that Plaintiff hired Defendant to build a diesel engine to be installed in a truck that Plaintiff was having built by a different entity. Neither party disputes that the build on the engine was completed in 2017. Plaintiff argues that he did not discover the inadequacy of Defendant's workmanship until the engine was placed in the truck in 2019.

Plaintiff alleges that the engine never worked correctly. Defendant asserts that the engine worked correctly when he delivered it to Plaintiff in 2017. The Court finds that once the engine was completed and delivered per the parties' agreement, the statute of limitations began to run for purposes of any ensuing litigation.[38]

---

[37] A-008.
[38] A-021 (citation omitted).

7

8.    The applicable statute of limitations is 10 *Del. C.* § 8106:

> (a) No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108-8110, 8119 and 8127 of this title[.]

9.    An action for breach of contract must be filed within three years after the cause of action accrues.[39]  So, the first question is when did Walton's cause of action accrue.  There is an abundance of Delaware case law establishing that a cause of action accrues when the alleged injury occurs.  "Delaware is an 'occurrence rule' jurisdiction, meaning, a cause of action accrues 'at the time of the wrongful act, even if the plaintiff is ignorant of the cause of action.'"[40]  "The 'wrongful act' is a general concept that varies depending on the nature of the claim at issue.  For breach of contract claims, the wrongful act is the breach, and the cause of action accrues at the

---

[39] 10 *Del. C.* § 8106; *Adams v. Harmon*, 2021 WL 1699870, at *2 (Del. Super. Ct. Apr. 28, 2021) (citing *Levey v. Brownstone Asset Mgmt., LP*, 76 A.3d 764, 768 (Del. 2013)).

[40] *ISN Software Corporation v. Richards, Layton & Finger,* 266 A.3d 727, 732. (Del. 2020) (quoting *Kauffman v. C.L. McCabe,* 603 A.2d 831, 834 (Del. 1992).

time of the breach."[41] The wrongful act here, as alleged, was the delivery of a defective engine in February 2017. Walton's cause of action accrued then, meaning the statute of limitations expired well before a complaint was filed.

10. Nevertheless, Walton argues the limitations period was tolled. In *Lehman Brothers Holdings, Inc. v. Kee*,[42] the Supreme Court of Delaware addressed the requirements for tolling 10 *Del. C.* § 8106 under the "discovery rule" in a breach of contract case, writing:

> "This Court has repeatedly held that a cause of action 'accrues' under Section 8106 at the time of the wrongful act, even if the plaintiff is ignorant of the cause of action." A breach-of-contract claim "accrues and the Statute begins to run at the time the contract is broken, not at the time when actual damage results or is ascertained." Fraud claims, negligence claims, and unjust enrichment claims accrue when the elements of those claims have been met.
>
> "Even after a cause of action accrues, the 'running' of the limitations period can be 'tolled' in certain circumstances." For example, "[u]nder the 'discovery rule' the statute is tolled where the injury is 'inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of.'" Where the discovery rule applies, the statute of limitations is tolled until the plaintiff discovers the "facts 'constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery' of such facts." The statute of limitations can also be tolled where the plaintiff's ignorance is caused by

---

[41] *CertainTeed Corp. v. Celotex Corp.,* 2005 WL 217032, at *7 (Del. Ch. Jan. 24, 2005) (citations omitted).
[42] 268 A.3d 178 (Del. 2021).

"concealment or fraud." "Outside of these exceptions, the statute of limitations continues to run even if the claimant is unaware of the facts supporting a cause of action."[43]

11.     In Delaware, the party asserting the application of a tolling doctrine "bears the burden of pleading specific facts to demonstrate that the statute of limitations is, in fact, tolled."[44]   In his complaint in the Court of Common Pleas, Walton failed to allege facts that would demonstrate any such tolling.[45]   In briefing in this Court, Walton argues that the limitations period was tolled because, although

---

[43] *Lehman Bros. Holdings, Inc.*, at 186 (citation omitted).
[44] *Russum v. Russum*, 2011 WL 4731120, at *2 (Del. Super. Ct. Sept. 28, 2011); *see also Russum v. Russum*, 2011 WL 13175130, at *2 (Del. Com. Pl. Mar. 25, 2011), *aff'd in part, rev'd in part*, 2011 WL 4731120 (Del. Super. Ct. Sept. 28, 2011).
[45] The record does not contain Walton's complaint in the Justice of the Peace Court, but the complaint in the Court of Common Pleas is the operative complaint because it is the one upon which that Court based its decision to dismiss.   That entire complaint reads:

> I paid Jim Rowe of Accurate Machine $21,051.50 on 3/3/16 to have him build a 12 valve Cummings diesel engine.  I never put 100 miles or so and it blew two (2) head gaskets, tore the cylinder wall and bent the push rods.  I gave Jim the opportunity to make engine good and he told me he would not do it.  I took the engine to East Coast Diesel and was informed by them, the engine was never done correctly.  He wrote me an estimate & I had him repair it.  I was charged $12,440.80 on 11/30/21 – attach [sic] receipt pd.  I also paid an additional $620.10 to East Coast Diesel for cam shaft oo [sic] it.  I also had to pay Miller's Automotive Machine Shop $600 (pd cash receipt attached) for Cummings block.  I also paid $1,000 (cash) to Drew Wallace for him to troubleshoot & then have to put valve springs, retainers and keepers. (A-007).

10

he received the engine from the Appellees in 2017, he did not have it installed in a vehicle and start it until May 2019.[46] But, Walton did not plead these facts. Even if Walton had pled them, his tolling argument would still fail because any defects in the engine were not "inherently unknowable," nor is he "blamelessly ignorant" of his claimed injury. In the Court's view, Walton could have discovered any defects in the engine any time after 2017 within the statute of limitations period. Walton's apparent failure to test the efficacy of the engine while the statute of limitations ran does not make its claimed defects unknowable, nor does it operate to toll the statute's running.

12. The Court of Common Pleas raised the issue of Accurate Machine's lack of counsel, *sua sponte,*[47] but decided that it would first determine whether it had jurisdiction over the matter.[48] It told Rowe: "So what I'm saying, Mr. Rowe, is you don't have to take any action necessarily right now to hire an attorney [for Accurate Machine], but pending the decision you may have to."[49]

13. The Court of Common Pleas identified at least three issues – whether Rowe was properly added as a defendant, whether Accurate Machines was required

---

[46] Walton's Op. Br. at 8, D.I. 19.

[47] A-025-A-028; Rowe is the owner and operator of Accurate Machine. (B-001). As a Form 50 Agent in JP Court, Rowe represented Accurate Machine, the sole defendant at that time. (A-008).

[48] A-027-A-028.

[49] A-028.

11

to litigate through counsel, and whether the action was barred by the statute of limitations. The Court chose to address the last issue first in the interest of judicial economy because it alone had to potential to be case dispositive.[50] Perhaps it could have taken a different, more time consuming approach, but that Court elected to take the most efficient and pragmatic one. In this Court's view, it certainly was not wrong to do so.

**THEREFORE,** the decision of the Court of Common Pleas is **AFFIRMED. IT IS SO ORDERED.**


**/s/ Ferris W. Wharton**
Ferris W. Wharton, J.

---

[50] The Court already was aware of the statute of limitations issue because the Justice of the Peace Court dismissed the Walton's complaint on that basis.